[No. 14882. Department Two. April 16, 1919.]

J. W. McPherson, *Respondent,* v. F. M. Jarvis *et al.,*
*Appellants.*[1]

Mechanics' Liens (32, 33) — Persons Entitled — Contractors.
One who took a contract to repair a building at five dollars a day
for his labor, and costs, and hired all the help and bought all the
materials on his own credit, furnishes the labor and materials and
is entitled to a lien therefor.

Same (40-1) — Notice of Intention — Furnishing Materials.
Where the contractor furnishes the labor and materials, he is en-
titled to lien therefor without the giving of notice by materialmen
to the owner of the furnishing of the materials under Rem. Code,
§ 1133.

Appeal from a judgment of the superior court for
Stevens county, Hurn, J., entered October 26, 1917,
upon findings in favor of the plaintiff, in an action to
foreclose a mechanics' lien, tried to the court. Af-
firmed.

*Peacock & Ludden* and *Albert I. Kulzer,* for appel-
lants.

*W. Lon Johnson,* for respondent.

Mount, J.—This action was brought to foreclose a
mechanics' lien for $282.80 against a building owned
by the defendants. Upon issues joined, the case was
tried to the court without a jury, and resulted in a
judgment in favor of the plaintiff for $282, with inter-
est from the 7th day of October, 1916, for $60 attor-
ney's fee and for costs. The defendants have ap-
pealed.

The appellants argue that the judgment must be
reversed unless the following facts are established by
the evidence, namely:

[1]Reported in 180 Pac. 415.

"(1)   That at the request of defendants, respondent commenced to furnish labor and material on the 30th day of May, 1916.

"(2)   That respondent ceased to furnish labor and material on the 6th day of August, 1916, and that respondent furnished the material for which judgment is given, and is entitled to a lien therefor.

"(3)   That said labor performed and materials so furnished by said respondent were of the reasonable or agreed value of $650.06, of which sum the sum of $367.26 has been paid, leaving a balance due and unpaid of $282.80. .

"(4)   That the lien claimed by respondent, Exhibit A, to his complaint was filed within the ninety days allowed by law after the actual cessation of work for these defendants.''

It is at once apparent that these are all questions of fact. Upon the trial of the case, only two witnesses were examined, respondent himself and one other witness in his behalf. The appellants offered no evidence. The testimony of the respondent is to the effect that he had a contract with the appellant Jarvis by which the appellant agreed to pay him $5 a day for his labor; and, also, the appellant was to pay respondent the cost of all other labor which it was necessary to employ and also the purchase price of all material used in the work. He stated, in substance, that the appellant F. M. Jarvis owned a building in the town of Chewelah which had been partially destroyed by fire; that Mr. Jarvis requested the respondent to repair the building; that they figured upon the cost of it and respondent stated that he thought the building could be repaired for about $500; that thereupon appellant said to him:

"I want you to take that building and do it just like you was doing it for yourself. I want it fixed up as you would fix it for yourself, but make it cost me as little as you can. If there is something about it at

any time you don't know what to do, you can see me about it."

That with this understanding, respondent went to work upon the building, ordered materials, employed help and completed the building at a cost of $650.06, of which sum the appellant had paid $367.26, leaving a balance of $282.80. It appears from the evidence that all the materials which were purchased by the respondent were either paid for by the respondent or charged to his account by dealers who furnished the materials to him personally. It is apparent, therefore, that the respondent furnished the labor and material as claimed. The appellants rely upon certain excerpts from the testimony of the respondent. He testified as follows:

"I employed the men that worked. Their account was with me. I employed the draymen. Their account was with me, which is the usual custom I have always observed in my work. When I went to those material people to buy the material, I went there because Mr. Jarvis sent me there. I told them what it was for. I didn't know it was charged to me until I went to get the bills for settlement and I found it was charged to me. I didn't raise any objection at that time because I didn't think there would be any contention out of it. . . . Q. Were you to pay for any of the material that was used in any manner whatever in the repairing of this building? A. I did not understand that I was. . . . No."

It is apparent from all the testimony in the record that the respondent here meant to say that he was not to pay for the material with the money which he was to receive for his time. It is equally plain upon the facts that the material and labor furnished by the respondent ceased on the 6th day of August, 1916. He so testified. It is true there was some extra work done after the principal work had been completed;

but this work was done at the instance of Mr. Jarvis soon after the original work was completed. The lien notice was filed within ninety days after that date. We are satisfied that the facts necessary to be established follow from the undisputed evidence in the case. It appears that two of the larger bills for material, namely, the Yeomans bill for lumber and a bill of McCrea & Davies for hardware, were unpaid, and that no notice that this material had been furnished had been given by these persons to the appellants. Both these bills were contracted by the respondent. They were charged to the respondent. The respondent testified that this material was purchased upon his personal credit; that the bills were his; and that he was bound to pay them. These materialmen are not seeking to hold the appellants in this case for the amount of these bills. It was, therefore, under the statute, Rem. Code, § 1133, not necessary that notice should have been given by McCrea & Davies or Mr. Yeomans to the appellants. The whole evidence in the case clearly justified the lower court in its findings and judgment in favor of the respondent. In fact, no other judgment upon the evidence in the case could have been justly rendered.

Affirmed.

HOLCOMB, MAIN, FULLERTON, and PARKER, JJ., concur.